# UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

JEFFERY A. STEINKAMP )
_____ )   Case Number: __23-4064-JPG__
_____ )                  *(Clerk's Office will provide)*
_____ )
*Plaintiff(s)/Petitioner(s)* )
v. )   ☒ CIVIL RIGHTS COMPLAINT
) pursuant to 42 U.S.C. §1983 (State Prisoner)
DAVID RUSSELL, et al. )   ☐ CIVIL RIGHTS COMPLAINT
_____ )   pursuant to 28 U.S.C. §1331 (Federal Prisoner)
_____ )   ☐ CIVIL COMPLAINT
_____ )   pursuant to the Federal Tort Claims Act, 28 U.S.C.
*Defendant(s)/Respondent(s)* )   §§1346, 2671-2680, or other law

## I.   JURISDICTION

**Plaintiff:**

A.   Plaintiff's mailing address, register number, and present place of confinement.

   Reg. No. S-04091
   Graham Correctional Center
   12078 Illinois Route 185
   Hillsboro, Illinois 62049

**Defendant #1:**

B.   Defendant __David Russell__ is employed as
           (a)   (Name of First Defendant)
   __Sheriff__
           (b)   (Position/Title)
   with __Fayette County, Illinois__
           (c)   (Employer's Name and Address)
   __221 South 7th Street, Vandalia, Illinois 62471__

   At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?   ☒ Yes   ☐ No

   If your answer is YES, briefly explain:
       Mr. Russell was the Sheriff of Fayette County, Illinois at the time the claims arose. He is no longer Sheriff.

Rev. 10/3/19

**Defendant #2:**

C.  Defendant __Matt McConky__ is employed as

(Name of Second Defendant)

__Fayette County Jail Administrator__

(Position/Title)

with __Fayette County Sheriffs Department, Fayette Co., IL.__

(Employer's Name and Address)

__221 South 7th Street, Vandalia, Illinois 62471__

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☒ Yes   ☐ No

If you answer is YES, briefly explain:

Mr. McConky was, and still is, the Administartor at the Fayette County Jail in Fayette County, Illinois.

**Additional Defendant(s) (if any):**

D.  Using the outline set forth above, identify any additional Defendant(s).

Lucas Gaithe
Sergeant
Fayette County Sheriffs Department, Fayette County, IL.
221 South 7th Street, Vandalia, Illinois 62471

Mr. Gaithe was a Sergeant with the Fayette County Sheriffs Department, assigned to the Fayette County Jail at the time the claims herein arose. He is no longer employed at the jail.

E.  Amber (last name unknown)
Nurse
Fayette County Jail, Fayette County, Illinois
221 South 7th Street, Vandalia, Illinois 62471

Amber (unknown) is still employed with the Fayette County Jail.

F.  Fayette County, Illinois

Rev. 10/3/19

## II.     PREVIOUS LAWSUITS

A.     Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?   ☐Yes ☒No

B.     If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability**, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)). FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.  Parties to previous lawsuits:
    Plaintiff(s):


    Defendant(s):


2.  Court (if federal court, name of the district; if state court, name of the county):

3.  Docket number:

4.  Name of Judge to whom case was assigned:

5.  Type of case (for example: Was it a habeas corpus or civil rights action?):

6.  Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):

7. Approximate date of filing lawsuit:

8. Approximate date of disposition:

9. Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?"

III. **GRIEVANCE PROCEDURE**

A. Is there a prisoner grievance procedure in the institution? ☒ Yes   ☐ No

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?   ☒ Yes   ☐ No

C. If your answer is YES,
   1. What steps did you take? I wrote to the Jail Administrator, Matt McConky, a letter in grievance form, which is the jails only procedure. I did this several times.

   2. What was the result? My complaints were ignored.

D. If your answer is NO, explain why not.

E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?   ☐ Yes   ☐ No

F. If your answer is YES,
   1. What steps did you take?

Rev. 10/3/19

    2.    What was the result?

G.    If your answer is NO, explain why not.

H.    Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:

```
None of my letters to the jail administrator were
returned nor were they responded to by the jail
administartor or anyone he may have appointed.
```

Rev. 10/3/19

IV.     STATEMENT OF CLAIM

CLAIM I.   DENIAL OF ADEQUATE MEDICAL CARE

On March 9, 2022, I was admitted to the Sarah Lincoln Bush Hospital, in Vandalia, Illinois as a possible overdose, which was not an overdose at all. I was detained at the hospital by the Vandalia Police Department on an old warrant. The E.M.T.'s had to forcefully demand that the Vandalia Police Officers allow them to get me treatment for apparent internal bleeding. One of the [unknown officers] that administered Narcan, adamantly insisted on taking me directly to jail, the E.M.T.'s resisted.

On the morning of March 10, 2023, the attending physician released me from the hospital. He told me that due to my condition I needed to immediately get in contact with my regular family physician to have my condition treated and monitored. In his opinion, my condition could be very dangerous if left untreated. Upon my release from the hospital, the physician demanded that I see my family physician within the next 4 hours because he was deeply concerned about my physical condition. Within 20 minutes I was re-arrested by the Vandalia Police Department at my home. I was immediately taken to the Fayette County Jail. My intake was completed by Sgt. Lucas Gaithe and C/O Tristan (last name unknown). I was told by Sgt. Gaithe that due to my medical condition I would be seen by the nursing staff, fully knowing that no such staff was employed at the Fayette County Jail at that time. I did not get seen by anyone dealing with my medical condition until after being in the Fayette County Jail for 45 days, well past the 14 days setforth in the Illinois County Jail and Detention Standards created by the Illinois Department of Corrections.

For approximately 4 weeks I was left in a cell-block exccreting blood both orally and anally. After that I would continue to bleed from the mouth. For 5 weeks I was attended to by only my fellow cellmates who had to help me to get in and out of my bed, to shower and even use the toilet. My fellow cellmates brought my meds to me because I was too weak to get them on my own. At no time, having filed numerous grievances prior to and after seeing medical staff, did any jail staff see fit to have me removed from the jail and transferred to a hospital where I could be adequately treated due to the jail not having medical staff. The Jail Administrator, Matt McConky would refuse to see me or speak to me when he was touring the jail. When I had family and friends contact the jail about my condition and medical treatment, both the intake officer Sgt Gaithe and the Jail Administrator McConky would lie and either state that I was being treated or that I was scheduled for treatment. When I personally asked Sgt. Gaithe about his prior statement to me about being seen by a nursing staff that never existed. His sole statement to me was "we have better things to spend our tax money on than a bunch of junkies!" When I was finally seen by medical, I was approached by Nurse Amber (last name unknown) who immediately was predisposed about my medical condition, she went on about how I did this to myself, that we abuse drugs and then come to jail when we have to be treated. That we see jail as free medical treatment. Her whole demeanor was very hostile towards me. When I explained to her what I was feeling, she made remarks like "not my problem," or "not my concern." She then stated "you'll live!" She then told jail staff to get me out of her sight. I continued to cough up blood and experience extreme pains in my stomach throughout my remaining time in the Fayette County Jail.

Defendant Sheriff **David Russell**, is both liable in his individual and official capacity, for violating my rights in that he was deliberately inddifferent to my medical needs, he was aware of my medical condition and did nothing to provide me with adequate medical care. As the Sheriff of Fayette County, he is the policy maker of the Fayette County Jail, his ignoring the jails lack of medical staff shows he was not only deliberately indifferent to my medical needs, but also to all of it's detainees.

Defendant **Jail Administrator Matt McConky**, is both liable in his individual and official capacity, for being deliberately indifferent to my medical needs, he was aware of my medical condition and the pain I was suffering from and did nothing to provide me basic adequate medical care. As the Jail Administrator, he could have easily had me transferred to a hospital or to some facility that provides medical care. He deliberately ignored all of my pleas, and lied to my family and friends to cover up his misconduct.

Defendant **Sergeant Lucas Gaithe**, is both liable in his individual and official capacity, for being deliberately indifferent to my medical needs, he was aware of my medical condition firsthand as the intake officer at the jail. He was told by the Vandalia Police Officers, and did nothing to see that I was treated. Instead, he deliberately lied to me and the Vandalia Police, that medical staff would see to my needs shortly, when in fact he knew that the Fayette County Jail had no medical staff currently employed at the jail. When family or friends contacted the jail on my behalf, he lied to them and stated I was being treated.

Defendant **Nurse Amber (last name unknown)**, is both liable in her individual and official capacity, for violating my rights in that she refused to adequately treat my medical condition and was further deliberately indifferent to my medical needs.

Defendant **Fayette County, Illinois**, is both liable in it's individual and official capacity, for violating my rights in that as a municipality, it is responsible for the Fayette County Jail, the staffing of the jail, the hiring of medical staff, and it's policies and practices.

Clearly, each defendant violated my Eighth and Fourteenth Amendment Rights of the Constitution. These defendants failed to provide me with "reasonably Adequate" medical care, medical services at a level reasonably commensurate with modern medical science and of a quality acceptable with prudent professional standards. The Illinois County Jail and Detention Standards created by the Illinois Department of Corrections mandates each county in the State of Illinois to provide it's pre-trial detainees with adequate medical care. Fayette County, Illinois did not even have medical staff employed at it's jail or provide any other alternative sources for medical care.

## V. REQUEST FOR RELIEF

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

That I receive an award of damages, compensatory and punitive, in whatever amount a jury sees fit as just and equitable.

## VI. JURY DEMAND (check one box below)

The plaintiff ☒ does ☐ does not request a trial by jury.

### DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: 12-28-23 (date)

Signature of Plaintiff: *Jeffery Stinkamp*

12078 Illinois Rout 185
Street Address

Printed Name: Jeffery Steinkamp

Hillsboro IL 62049
City, State, Zip

Prisoner Register Number: S#04091

Signature of Attorney (if any)

Rev. 10/3/19



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Name: **Jeffrey Steinkamp**

ID Number: **S04691**

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition?    **Yes** or No

   If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition?    Yes or **No**

   If yes, please list case number: _____

   If yes, but you do not know the case number mark here: _____

3. Should this document be filed in a pending case?    Yes or **No**

   If yes, please list case number: _____

   If yes, but you do not know the case number mark here: _____

4. Please list the total number of pages being transmitted:    **15**

5. If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

| Name of Document | Number of Pages |
|---|---|
| Civil Rights Complaint | 15 |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.