IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEFFERY A. STEINKAMP, #S04091,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 23-cv-04064-JPG |
| ) | |
| **DAVID RUSSELL,** ) | |
| **MATT McCONKY,** ) | |
| **LUCAS GAITHE,** ) | |
| **NURSE AMBER, and** ) | |
| **FAYETTE COUNTY, ILLINOIS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jeffery Steinkamp, an inmate in the custody of the Illinois Department of Corrections (IDOC) and currently incarcerated at Graham Correctional Center (Graham), brings this civil rights action under 42 U.S.C. § 1983. In the Complaint, Plaintiff claims he was denied medical care for internal bleeding during his pretrial detention at Fayette County Jail. (Doc. 1, pp. 1-10). He seeks money damages from the defendants. (*Id*. at 10).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 6-9): By way of background information, Plaintiff alleges that on March 9, 2022, he was admitted to Sarah Lincoln Bush Hospital for treatment of a possible overdose. While there, Vandalia Police Department officers detained him on an old warrant and insisted that he be taken directly to jail. In turn, emergency medical technicians explained that Plaintiff needed treatment for internal bleeding and not an overdose. An unknown officer nevertheless administered Narcan. *Id*. at 6.

Plaintiff was released from the hospital on March 10, 2023.[1] The attending physician warned Plaintiff that his condition was "very dangerous" without proper monitoring and treatment. The physician instructed him to contact his primary care physician for an appointment within four hours. Plaintiff returned home and was re-arrested within twenty minutes. *Id*.

Vandalia police took Plaintiff to Fayette County Jail ("Jail"), where the events giving rise to this action occurred. During intake with C/O Tristan[2] and Sergeant Gaithe, the sergeant informed Plaintiff that he would be seen by a nurse to discuss his medical condition. At the time, Sergeant Gaithe knew there was no nurse on staff. Plaintiff waited 45 days for his first medical appointment, which allegedly exceeded the deadline for inmate medical care adopted by the IDOC and incorporated into the Illinois County Jail and Detention Standards. *Id*.

For a month, Plaintiff was left in his cell without any medical care, while he bled from his mouth and anus. Thereafter, he bled from his mouth. During this time, Plaintiff relied on other inmates to care for him. They helped him get out of bed, use the restroom, and shower. *Id*. at 7.

---

[1] There appears to by a typographical error in the Complaint, based on Plaintiff's allegation that he was admitted to the hospital March 9, 202**2** and released the following day on March 10, 202**3**. (*Id*. at 6). The exact timeline can be sorted out as the case proceeds.
[2] C/O Tristan is not named as a defendant, and Plaintiff asserts no claims against this person. Therefore, C/O Tristan is considered dismissed without prejudice from this action.

Plaintiff filed numerous grievances requesting medical care. His family and friends also contacted Jail Administrator McConky and Sergeant Gaithe to request treatment on his behalf. Both officers assured Plaintiff's contacts that he was being treated or was scheduled for treatment. Even so, Plaintiff received no medical care in-house or outside the facility. *Id*.

Sheriff David Russell allegedly ignored the problems posed by a lack of medical staff. *Id*. at 8. The sheriff knew about Plaintiff's medical condition and took no action to address it by ensuring the availability of medical staff, in his individual capacity or his official capacity as a policymaker for Fayette County, Illinois. *Id*. at 7-9. Jail Administrator McConky avoided Plaintiff altogether. He would not walk past the plaintiff's cell or speak to him while making rounds. When Plaintiff asked Sergeant Gaithe about the status of his appointment with a nurse, the sergeant responded, "We have better things to spend our tax money on than a bunch of junkies!" *Id*. And, when Plaintiff finally met with Nurse Amber, she said that Plaintiff did "this" to himself by using drugs, and his medical condition was "not [her] problem." *Id*. Nurse Amber then instructed jail staff to "get [Plaintiff] out of her sight." *Id*. Plaintiff continued to cough up blood and suffer from excruciating stomach pain. *Id*.

## Discussion

The Court finds it appropriate and convenient to designate the following enumerated counts in the *pro se* Complaint:

**Count 1:** Fourteenth Amendment due process claim against the individual defendants for punishing Plaintiff during his pretrial detention at Fayette County Jail by denying him medical treatment for internal bleeding for 45 days.

**Count 2:** *Monell* claim against the official capacity defendants for causing Plaintiff's denial of medical care for internal bleeding by instituting a policy, custom, or practice of understaffing the medical department at Fayette County Jail.

3

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

### Count 1

A detainee bringing a claim for the denial of medical care under the Fourteenth Amendment Due Process Clause must set forth allegations suggesting that each defendant acted purposefully, knowingly, or perhaps even recklessly in connection with a plaintiff's medical treatment, and the challenged conduct was objectively unreasonable. *McCann v. Ogle Cty., Ill.,* 909 F.3d 881, 886 (7th Cir. 2018). When deciding whether challenged conduct was objectively unreasonable, the Court considers "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care." *Id*. The allegations state a claim under the Fourteenth Amendment against Nurse Amber, Sergeant Gaithe, Jail Administrator McConky, and Sheriff Russell, in their individual capacities. Count 1 shall proceed against these individual defendants, and this claim shall be dismissed without prejudice against all other defendants.

### Count 2

A *Monell* claim arises when a policy, custom, or widespread practice of a municipality actually causes the deprivations of a plaintiff's constitutional rights. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 691 (1978). Plaintiff claims that he was denied medical care for internal bleeding because of Fayette County's policy, custom, or practice of understaffing the health care unit at Fayette County Jail. According to Plaintiff, Sheriff Russell had the authority to create and/or implement policy requiring on-site medical staff for pretrial detainees because he was the official policymaker for the county. He failed to do so, and this

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

failure resulted in the denial of medical treatment for Plaintiff's internal bleeding. The Court will allow this claim to proceed past screening.

Count 2 shall proceed against the sheriff and the county. Sheriff Russell is named in an official capacity and identified as the final policymaker for Fayette County, Illinois. (Doc. 1, pp. 1, 8). Fayette County, Illinois, is also named as a defendant and is a necessary and indispensable party. *See* FED. R. CIV. P. 17, 19; *Carver v. Sheriff of LaSalle County, Illinois*, 324 F.3d 947, 947–48 (7th Cir. 2003) (a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer, such as a sheriff, assessor, clerk of court, and so on, in an official capacity). Therefore, the *Monell* claim shall move forward against Fayette County and Sheriff Russell, in his official capacity. This claim shall be dismissed without prejudice against all other defendants.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will proceed against Defendants **DAVID RUSSELL, MATT McCONKY, LUCAS GAITHE,** and **NURSE AMBER**, in their individual capacities. **COUNT 2** will proceed against Defendants **DAVID RUSSELL**, in his official capacity, and **FAYETTE COUNY, ILLINOIS**. These claims are otherwise dismissed without prejudice against any defendants, in any capacity, not mentioned in this paragraph.

**Because this action arises from the alleged denial of medical care, the Clerk of Court is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **MATT McCONKY, LUCAS GAITHE,** and **NURSE AMBER**, in their individual capacities only, and

5

**DAVID RUSSELL,** in his individual and official capacities, and **FAYETTE COUNTY, ILLINOIS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply under 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/22/2024**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**<u>Notice</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is possible that it will take 90 days or more. When the defendants have answered, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before the defendants' attorneys file an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.