IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEFFERY A. STEINKAMP, #S04091,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 23-cv-04064-JPG |
| ) | |
| **DAVID RUSSELL,** ) | |
| **MATT McCONKY,** ) | |
| **LUCAS GAITHE,** ) | |
| **NURSE AMBER, and** ) | |
| **FAYETTE COUNTY, ILLINOIS,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This case is before the Court for a decision on Defendant Amber Walters' Motion to Dismiss for Failure to Prosecute. (Doc. 46). Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 on December 29, 2023 for constitutional deprivations stemming from the alleged denial of medical care at Fayette County Jail. (Doc. 1). The Complaint survived screening under 28 U.S.C. § 1915A on February 22, 2024. (Doc. 8). Plaintiff was allowed to proceed with a Fourteenth Amendment due process claim for the denial of medical care against Defendants David Russell, Matt McConky, Lucas Gaithe, and Amber Walters (Count 1) and a *Monell* claim against David Russell (official capacity) and Fayette County, Illinois (Count 2). *Id*. Defendants filed answers on July 29-30, 2024 (Doc. 36).

On July 31, 2024, the Court entered an Initial Scheduling Order with instructions and deadlines for litigating this case. (Doc. 37). In the opening paragraph, the Court also warned:

1

**"Failure to follow this Order may result in sanctions, including dismissal of the case."** *Id*. (emphasis in original).

Pursuant to the Initial Scheduling Order, the parties were required to exchange information about witnesses, injuries, and related documents before the deadline expired for filing an amended complaint and/or a dispositive motion on the issue of exhaustion of administrative remedies. *Id*. Plaintiff was ordered to make his initial disclosures no later than August 30, 2024.[1]  (Doc. 37, p. 2).  Defendants were ordered to make their disclosures on or before September 16, 2024.[2] *Id*.

When Plaintiff missed his initial disclosure deadline, Defendant Amber Walters filed a motion to compel the disclosures from him on September 16, 2024, and the Court entered the following Order:

> Plaintiff is ORDERED to produce to defendants, **no later than September 24, 2024**: (1) the names of persons with knowledge of the incidents and a short description of the subject of their knowledge; (2) a statement of the injuries Plaintiff suffered and the relief he seeks; and (3) a signed release for medical records. **If Plaintiff fails to comply with this order, his case may be dismissed**.

*See* Docs. 40-41 (emphasis added).  Instead of complying with this Order, Plaintiff filed two motions seeking court-recruited counsel on September 13, 2024 and October 2, 2024, and both motions were denied. (Docs. 42-45).

Plaintiff failed to make his initial disclosures in compliance with the Order compelling them, and Defendant Walters moved for dismissal from this action on October 4, 2024.  (Doc. 46).

---

[1] The Court ordered Plaintiff to produce the following information: (1) names of persons with knowledge of the incidents and a short description of the subject of their knowledge; (2) a statement of the injuries Plaintiff suffered and the relief he seeks; and (3) a signed release for medical records. *Id*.

[2] The Court ordered Defendants to produce the following information: (1) incident reports; (2) grievances, along with any responses or other related materials, such as grievance logs and counselor's notes; and (3) disciplinary tickets, along with any documents related to the resolution of the tickets; (4) Plaintiff's cumulative counseling summary or other log of interactions with staff during the relevant time period; and (5) reports and/or statements of persons with knowledge of the incidents; and (6) names of persons with knowledge of the incidents and a short description of the subject of their knowledge, to the extent the information is not included in the documents produced to Plaintiff; and (7) copies of relevant medical records, if Plaintiff has executed the required release form as directed above. *Id*.

Walters asserted that Plaintiff "has not filed a single substantive thing . . . nor communicated with Defendants since" entry of the Initial Scheduling Order—"no Court-ordered disclosures, no discovery requests, and no response to Defendant's Motion to Compel."  (Doc. 46, ¶ 7).

The Court ordered Plaintiff to file a response in opposition to the pending motion no later than November 4, 2024, and warned that the action would be dismissed for non-compliance with this Order.  (Doc. 47) ("Plaintiff is WARNED that his failure to respond may result in dismissal of this action for failure to comply with the Court's Order(s) and for failure to prosecute his claims herein. FED. R. CIV. P. 41(b).").  The Court reminded him of this deadline on October 21, 2024. (Doc. 49) ("Plaintiff must file his response in opposition to the Motion to Dismiss for Lack of Prosecution (Doc. 46) on or before November 4, 2024, and he, alone, possesses the knowledge and information necessary to do so.").

To date, Plaintiff has missed all deadlines set by the Court since entry of the Initial Scheduling Order.  This includes the original deadline for Plaintiff's initial disclosures (August 30, 2024) (Doc. 37), the disclosure deadline set in the order compelling them (September 24, 2024) (Doc. 41), and the deadline for filing a response in opposition to the motion to dismiss (November 4, 2024) (Doc. 47).  The case against this defendant has stalled due to Plaintiff's inaction and noncompliance with the Court's Orders at Docs. 37, 41, and 47.  Under the circumstances, the Court deems it appropriate to dismiss Defendant Walters from this action because Plaintiff has failed to prosecute his claims against her and also failed to comply with several related Court's Orders (Docs. 37, 41, and 47).  FED. R. CIV. P. 41(b).[3]

---

[3] All other defendants filed a Notice Declining to Join Motion to Dismiss (Doc. 51) on November 22, 2024, and explained that they also missed the deadline for making their initial disclosures.

## Disposition

Defendant Amber Walters' Motion to Dismiss for Lack of Prosecution (Doc. 46) is **GRANTED.** This defendant is dismissed with prejudice from this action based on Plaintiff's failure to comply with the Court Orders at Docs. 37, 41, and 47 and his failure to prosecute his claims against her. FED. R. CIV. P. 41(b). Judgment shall enter accordingly at the close of this case.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 25, 2024**          s/J. Phil Gilbert
                                     **J. PHIL GILBERT**
                                     **United States District Judge**