IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFERY A. STEINKAMP, ) | |
| #S04091 and #13474-511, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| vs. ) | Case No. 23-cv-04064-JPG |
|  ) | |
| ROBERT DAVID RUSSELL, ) | |
| MATT McCONKEY, ) | |
| LUCAS GATHE, ) | |
| AMBER WALTERS and ) | |
| FAYETTE COUNTY, ILLINOIS,[1] ) | |
|  ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Jeffery Steinkamp filed this lawsuit pursuant to 42 U.S.C. § 1983 for constitutional claims stemming from the alleged denial of medical care during his pretrial detention at Fayette County Jail beginning on March 10, 2022. (Doc. 1). The day before his arrest, Plaintiff was admitted to the hospital for treatment of a possible overdose and diagnosed with internal bleeding. He was released the following morning, with instructions to contact his family physician within four hours. Before he did so, Plaintiff was arrested and taken to the Jail, where he was not seen for 45 days. *Id*. Plaintiff filed this action. The Court screened the Complaint (Doc. 1) under 28 U.S.C. § 1915A and allowed him to proceed with: (1) a Fourteenth Amendment due process claim against Sheriff Russell, Jail Administrator McConkey, and Sergeant Gathe; and (2) a *Monell* claim against the County and Sheriff for payment of any judgment.[2] (Doc. 8).

---

[1] The Clerk's Office is **DIRECTED** to **UPDATE** the docket sheet in CM/ECF to correct the spelling of each defendant's name, as reflected in the case caption and Notice of Appearance at Doc. 14.

[2] The Court also allowed Plaintiff to proceed with a claim against Nurse Amber Walters. (Doc. 8). However, Plaintiff failed to prosecute his claims against the nurse, and she was dismissed. (Doc. 52).

1

Defendants filed a Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 54). They seek dismissal of all claims against them based on Plaintiff's failure to file a single grievance at the Jail or elsewhere. Plaintiff filed no response in opposition to the motion. For the following reasons, the motion is **GRANTED**.

## Facts

The undisputed evidence and reasonable inferences establish the following facts relevant to the pending motion:

Plaintiff was arrested and detained at Fayette County Jail on March 10, 2022, and he remained there until posting bond on June 30, 2022. (Doc. 54, Findings of Fact (FOF) 1, 2, 7). Fayette County Sheriff's Office operates the Jail and maintains a mandatory grievance policy for inmates to use at the Jail. (FOF 1-5). The grievance policy outlines a 4-step process that must be completed within the Sheriff's Office. (FOF 9). Level 1 requires an inmate to attempt informal resolution of the issue with staff before filing a written grievance. (FOF 10). Level 2 requires the inmate to file an inmate grievance form with the Jail Administrator within 48 hours of an incident to address any of the following issues: criminal acts by an inmate, prohibited acts by a staff member, abuse or harassment, denial of privileges without just cause, or violations of civil rights. (FOF 11-13). The paper grievance form must include the date and time of the incident, offense, or action. (FOF 13). If an inmate receives an unsatisfactory response from the Jail Administrator, Level 3 of the grievance process requires the inmate to submit the grievance to the chief deputy. (FOF 15). If the inmate receives an unsatisfactory response from the chief deputy, the inmate must then submit the grievance to the sheriff to complete Level 4. (FOF 16). An inmate who is not satisfied with the sheriff's response must submit the grievance to an external government body known as the IDOC's Jail and Detention Standards Unit. (FOF 17).

The Sheriff's Office stores copies of inmate grievances in each inmate's file. (FOF 14). Defendants reviewed Plaintiff's file and found no records indicating that he submitted a grievance at any level. (FOF 18). There is also no record of his attempt to file a grievance with the IDOC's Jail and Detention Standards Unit. (FOF 20). As such, Defendants argue that Plaintiff did not satisfy the grievance process or exhaust his administrative remedies. (FOF 19).

## **Legal Standard**

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party, *i.e.*, the prisoner. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004).

Although the district court's role on summary judgment is generally not to weigh evidence or judge witness credibility, a different standard applies when deciding a motion for summary judgment on the issue of exhaustion. *Pavey v. Conley*, 544 F.3d 739, 739-41 (7th Cir. 2008). The Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *See Pavey*, 544 F.3d at 742. After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust. *See Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citing *Pavey*, 544 F.3d at 742). However, no hearing is required if no material facts are disputed. *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009) (no hearing required where there are "no disputed facts regarding exhaustion, only legal questions").

## Discussion

The parties do not dispute any material facts regarding exhaustion of administrative remedies. Defendants presented evidence that Plaintiff filed no grievances about the denial of medical care at the Jail. (Doc. 54). Plaintiff filed no response in opposition to the motion.

Plaintiff was warned of the consequences of filing no response. (Doc. 55). Defendants filed a Rule 56 Notice with the summary judgment motion to warn Plaintiff that "[i]f a party fails . . . to properly address another party's assertion of fact" in a motion for summary judgment, the Court may "consider the fact undisputed for purposes of the motion." *Id*. at 3 (citing FED. R. CIV. P. 56(e)). Plaintiff was also warned that "[i]f you do not respond, the motion, if appropriate, may be granted and the case may be terminated without a trial." *Id*. at 1 (citing *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982)). Because Plaintiff filed no response before or after the deadline for doing so, the Court accepts Defendants' findings of fact as undisputed. *See* FED. R. CIV. P. 56(e).

Plaintiff also failed to respond to the Court's Order to Show Cause (Doc. 56) entered February 19, 2025. There, the Court pointed out that he missed the deadline for filing a response in opposition to summary judgment. He was ordered to show cause why the Court should not construe his non-response as a decision not to contest the facts presented in the motion and, if appropriate, grant summary judgment for the defendants. *Id*. The deadline for responding was March 5, 2025. Almost three months have passed since then, and Plaintiff has not responded. The Order to Show Cause was returned undelivered almost two months after it was entered and long after it was due. *See* Doc. 58.

The Court accepts the findings of fact presented by Defendants. When doing so, the Court finds that Plaintiff did not file a grievance about his inadequate medical care. As such, Plaintiff

failed to exhaust his remedies at the Jail or pursue relief with the IDOC Jail and Detention Standards Unit. Accordingly, Defendants are entitled to summary judgment.

## Conclusion

Defendants Robert David Russell, Matt McConkey, Lucas Gathe, and Fayette County's Motion for Summary Judgment on Exhaustion (Doc. 54) is **GRANTED. COUNTS 1** and **2** are **DISMISSED** without prejudice against these defendants.

The Clerk's Office is **DIRECTED** to **UPDATE** the docket sheet in CM/ECF to correct the spelling of each defendant's name, as reflected in the case caption herein and Notice of Appearance at Doc. 14.

As no claims remain, the Clerk of Court is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

**DATED: 5/28/2025**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
